UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>CARLOS MEJIA-QUINTANILLA, AKA<br>Wilfredo Oliva-Castro, AKA Sleepy,<br><br>　　　　Defendant-Appellant. | No.　17-15899<br><br>D.C. Nos.　3:16-cv-03591-CRB<br>　　　　　　3:11-cr-00293-CRB-2<br>Northern District of California,<br>San Francisco<br><br><br>ORDER AMENDING<br>MEMORANDUM DISPOSITION<br>AND DENYING MOTION TO<br>STAY MANDATE |

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

The memorandum disposition filed on August 30, 2021, is hereby amended as follows:

Page 2, Lines 15–19: change <This is because a conviction for an offense with a mens rea of recklessness does not constitute a crime of violence under the elements clause of 28 U.S.C. § 924(c)(3)(A), *see United States v. Begay*, 934 F.3d 1033, 1041 (9th Cir. 2019); *see also Borden v. United States*, 141 S. Ct. 1817, 1834 (2021)> to <This is because a conviction for an offense with a mens rea of recklessness does not constitute a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), *see Borden v. United*

*States*, 141 S. Ct. 1817, 1834 (2021)>.

With this amendment, the Government's Motion to Stay Mandate and Rehearing Petition Deadlines is DENIED.  The mandate shall issue as scheduled, notwithstanding the filing of this amended disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15899 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-03591-CRB |
| v. | 3:11-cr-00293-CRB-2 |
| CARLOS MEJIA-QUINTANILLA, AKA Wilfredo Oliva-Castro, AKA Sleepy, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 2, 2021
Submission Vacated February 3, 2021
Resubmitted August 26, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Carlos Mejia-Quintanilla appeals the district court's denial of his amended

motion to vacate his conviction and sentence under 28 U.S.C. § 2555. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. §§ 1291, 2253, 2255(d), and we vacate Mejia-Quintanilla's conviction and sentence under 18 U.S.C. § 924(j)(1).

In pleading guilty to Count 5 of the Superseding Indictment (a violation of 18 U.S.C. § 924(j)(1) and (2)), Mejia-Quintanilla admitted to committing the crime of violence charged in Count 3 of the Superseding Indictment, namely murder in violation of section 187 of the California Penal Code. This admission addressed an element of an offense under 18 U.S.C. § 924(j)(1), that the defendant was "in the course of a violation of [18 U.S.C. § 924(c)]." In turn, an element of a violation of 18 U.S.C. § 924(c) is that the defendant used or carried a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined in the elements clause of 18 U.S.C. § 924(c)(3)(A) as having "an element the use, attempted use, or threatened use of physical force against the person or property of another." Under recent case law, murder in violation of section 187 of the California Penal Code is not a crime of violence for purposes of 18 U.S.C. § 924(c). This is because a conviction for an offense with a mens rea of recklessness does not constitute a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), *see Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), and section 187 of the California Penal Code permits conviction if a defendant is found to have a mens rea of recklessness. Cal. Penal Code § 188(a)

(murder conviction under section 187 may be based on "express" or "implied" malice); *People v Elmore*, 59 Cal. 4th 121, 133 (2014) ("Malice is implied when an unlawful killing . . . [is] performed with conscious disregard" for danger to human life); *People v. Scott*, 14 Cal. 4th 544, 554 (1996) (Mosk, J., concurring) (implied malice "may tolerably be identified as recklessness"). For purposes of the mens rea element, section 187 is not divisible. *See People v. Brown*, 35 Cal. App. 4th 708, 714 (1995).

Given this precedent, Mejia-Quintanilla's violation of section 187 was not a crime of violence. Therefore, Mejia-Quintanilla could not have violated 18 U.S.C. § 924(c) because that section requires a predicate crime of violence. In turn, Mejia-Quintanilla's offense under 18 U.S.C. § 924(j)(1) was not "in the course of a violation of [18 U.S.C. § 924(c)]," and he is therefore actually innocent of a violation of 18 U.S.C. § 924(j).

We reject the government's argument that the mens rea requirement for California murder is irrelevant to our inquiry because Mejia-Quintanilla was charged with Violent Crimes in Aid of Racketeering (VICAR) murder, which punishes generic federal murder (18 U.S.C. § 1111). The government structured the indictment so that the "crime of violence" element of 18 U.S.C. § 924(c)(1)(A) (which is an element of a 18 U.S.C. § 924(j)(1) offense) was based on the charge

3

of murder in violation of section 187 of the California Penal Code, and not a murder in violation of 18 U.S.C. § 1111.

In light of this conclusion, Mejia-Quintanilla has not waived his right to collaterally attack his conviction and sentence, despite the appeal waiver included in his plea agreement, because his conviction and sentence of an offense under 18 U.S.C. § 924(j)(1) are illegal. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016). Moreover, Mejia-Quintanilla is also excused from his procedural default of this claim (due to his failing to raise it in a direct appeal), because he has established that, "in light of subsequent case law . . . he cannot, as a legal matter, have committed the alleged crime." *Vosgien v. Persson*, 742 F.3d 1132, 1134 (9th Cir. 2014).

We therefore order Mejia-Quintanilla's conviction and sentence under 18 U.S.C. § 924(j)(1) vacated and the matter remanded for further proceedings.[1]

**VACATED** and **REMANDED.**[2]

---

[1] Because we decide on this ground, we do not consider Mejia-Quintanilla's other arguments for relief.

[2] Costs shall be taxed against the government.